### J. L. LEWIS v. STATE.

No. A-4816.    Opinion Filed April 18, 1925.
(235 Pac. 557.)

(Syllabus.)

1.    **Intoxicating Liquors—Manufacturing Liquor—Evidence Sufficient.** Evidence examined and found to sustain the judgment and sentence.

2.    **New Trial—Motion on Ground of Newly Discovered Evidence—Affidavits Insufficient.** It is not error to overrule a motion for new trial on the ground of newly discovered evidence, where the affidavits in support thereof state no fact, but merely a conclusion.

Appeal from County Court, Kay County; J. L. Roberson, Judge.

J. L. Lewis was convicted in the County Court of Kay County on a charge of manufacturing whisky, and he appeals. Affirmed.

David L. Carter, for plaintiff in error.

George F. Short, Atty. Gen., for the State.

EDWARDS, J. Several assignments of error are set out, but the argument is directed to but two. First: That the evidence is insufficient to sustain the judgment and sentence; second, that the court erred in overruling the motion of the plaintiff in error for a new trial on the ground of newly discovered evidence.

Upon the first assignment, an examination of the record discloses that the plaintiff in error resided upon a rented farm. That the sheriff and his deputy, with a search warrant, went to the farm and made a search, the plaintiff in error at the time being absent. In the search they found some two or three bottles of whisky in the house, a 50-gallon barrel of mash hid in a corn shock some 200 yards from the house, and not a great ways from it a still, and near the still indications of where a fire had been made, and between the mash and still a number of empty jugs, and in the granary, covered up in the corn, 4 or 5 gallons of whisky; also the top and worm to the still. This was the main evidence against the plaintiff in error. It is purely circumstantial, and while the plaintiff in error denied knowledge of the still, worm, and whisky in the granary, and testified that the whisky in the house was for his own use, yet we cannot say that the evidence is not sufficient to sustain the verdict. Its weight was for the jury.

Upon the second assignment that the court erred in overruling the application of the plaintiff in error for a new trial on the ground of newly discovered evidence, the defense was based on the contention that one Jack Gentry, who had been interested in the lease of the farm with plaintiff in error and had moved away only a short time before the search, was the real culprit. In the course of the trial, the plaintiff in error sought to show that Gentry had been convicted of a violation of the liquor law, and that the still and whisky was probaby his. The motion for a new trial filed by the plaintiff in error, among other

things, set up the ground of newly discovered evidence, and in support thereof filed three affidavits of Edgar Riggle, Mrs. Edgar Riggle, and Elizabeth Benton, all being identical in language, as follows:

"That during the year 1922 the said Jack Gentry was engaged in farming and the dairy business and a cotenant with one J. L. Lewis; that to affiant's own certain personal knowledge the said Jack Gentry while so engaged did make and manufacture intoxicating liquor, to wit, whisky, and did have in his possession and control distilling apparatus for the purpose of manufacturing whisky."

The plaintiff in error sets out that he did not learn of this evidence until after the trial, and that said witnesses have assured him that if a new trial is granted they would appear and testify. It will be observed, however, that the affidavits state no fact and are only a conclusion. It is not stated that the persons making the affidavits were at the premises in question, nor saw Gentry when in the possession of any still, whisky, or distilling apparatus, or where they saw him, if at all. Under such state of the record, we think no weight or consideration should be given to these affidavits.

No exceptions were taken to the instructions, and we find no error in the record that would warrant a reversal of this case.

The judgment and sentence are affirmed.

BESSEY, P. J., and DOYLE, J., concur.